Good morning, Your Honor. Good morning. May it please the Court, my name is Myrna Beards and I represent Appellant Margarito Flores-Cordero. Your Honor, the District Court aired when it held that Mr. Flores-Cordero's Arizona felony conviction for resisting arrest under 2508A1, which criminalizes the use or threatened use of force against a police officer when effectuating an arrest. When the District Court held that that was a crime of violence as defined in the Federal Sentencing Guideline 2L1.2. Well, let me ask you this, just sort of going right to the point, to get where you want to go in terms of, because the District Court basically followed a case that was on the books that said it was a categorical crime of violence, correct? Correct, Your Honor. And so your argument has to be that Johnson, while it didn't overrule it in so many words, that the holding of Johnson means that it can't be good law, right? Well, my argument, Your Honor, is that Estrada Rodriguez, which is the court cited and relied upon by the District Court, held that Arizona's resisting arrest was categorically a crime of violence. However, it's incorrect to say that that case actually considered the subsection of the statute that we are talking about in this case. Because Estrada Rodriguez, what held that Arizona's resisting arrest statute, the second part of which deals with substantial risk of causing injury, was an aggravated felony as defined in United States 16B, which considers whether an offense by its nature carries with it a substantial risk that force may be used against a person. That is the holding of Estrada Rodriguez. And it has to be limited to that, first of all, because the scope of this Court's review is limited to whether the Board of Immigration Appeals correctly decided the case. And that was the holding by the BIA. So that portion of the statute considered – Estrada Rodriguez considered the second subsection of the Arizona resisting arrest statute and also – and whether it fell under 16B. That is not this case. Mr. Flores-Gordero was convicted under another subsection of the Arizona statute, which goes to the use of force. That language in the Arizona statute is very much like 16A and the definition of crime of violence in the guideline. However, this Court needs to look beyond identical language. And the statement in Estrada Rodriguez that because the language is identical, it necessarily is a crime of violence is imprecise. As I know this Court will recognize, the Court has repeatedly said that it's not just the language. It has to be – you have to consider the full scope of what's – But didn't the Nye circuit and Flores-Lopez recently say that the Arizona statute had excluded all de minimis uses of force from section A of the Arizona resisting arrest statute? Yes. And again, I think that we need to go back and see what that statement was based on. That statement, first of all, did not consider Johnson. And the Johnson issue, which is the United States Supreme Court has defined use of force as active, violent, substantial use of force which can't cause pain or physical injury. Correct, Your Honor. And so what this Court has – when it has – when this Court has cited the State statutes before, it's not – it's basically relying on the Arizona court's interpretation of their own statutes, which is not binding upon this Court, as Johnson taught us. It's the – it's Federal courts who define whether a particular State statute meets the Federal definition, not State courts saying this is nonviolent. That's the first point upon that. And then it also provides a different definition. And also, the State cases relied upon was primarily WOMAC, State v. WOMAC, which is an Arizona case from the 90s, where first – there was – first of all, there was no physical contact at issue in WOMAC. And then the Arizona courts commented upon the commentary to the statute. So it did not actually decide – it did not apply the use of force definition. Okay. Well, let's talk about the cases you are relying on from Arizona. You're relying on Lee, which involves somebody kicking an officer. I mean, you can't tell me that is not capable of causing pain. Well, yes, Your Honor, but causing – well, that's what the Supreme Court said, capable of causing pain or physical injury. Well, I would say that Lee is a little bit ambiguous, because in one portion of the statute it says that the defendant kicked her legs, and in another portion of the statute it says that she kicked the officer. But it's not just Lee. It's not the statute. Are you talking about the case? I'm sorry. The charging document? No, I'm sorry. I'm talking about the language used in Lee by the Arizona – by the Arizona court inciting the facts of the case. They're a little ambiguous. But it's not just kicking an officer. There's also other cases cited therein where the defendant pushed an officer's arm. Roviero was the one you cited that Lee cited. I may be mispronouncing it. But that involved a physical struggle where the court said that there was a threat of physical injury to the officer. And the guy had been arrested for aggravated assault. And then there was Stroud that Lee also cited, which involved a struggle and the guy kicked the officer. So a physical struggle where he kicked the officer. So I'm having difficulty. I understand that there's language in those cases that – about minor struggles. But when you look at the facts, I'm looking for a case where there are facts where you could say that could not have caused – that was not capable of causing physical pain. Well, I think the question before this Court is the facts as outlined or as – really as defined in Lee by the Arizona – by the Arizona stat case – I'm sorry, court, where it says we're not saying that any insignificant amount or inconsequential use of force fits the statute. But what they do cite, I do believe that this Court does not meet the federal definition, the Johnson definition of use of force. Well, that's – let me – I think then you have to say that Johnson overrules that. But I have a secondary question because your time is going down that I want to ask you. Hypothetically, if we were to agree with you, is – if the district court were to apply the modified categorical approach here, what does the evidence say or not say about the level of force that Flores-Cordero used in resisting arrest? Your Honor, the only thing that I've seen is a police report which, as this Court knows, is not judicially noticeable. I don't – I'm not – I'm not aware of anything in the record, a judicially noticeable document that specifies the use of force, Mr. Cordero – Cordero's use of force. Something in the PSR, though, wasn't it? It didn't sound like it was much. I remember reading something and it didn't sound like it was much. Correct. But the information in the PSR is taken from police reports. Do you want to save a little time for rebuttal? I do, Your Honor. Thank you. All right. Good morning.  Didn't I see you earlier this week on another case? Yesterday, Your Honor. Good morning. May it please the Court, my name is Matthew Castle. I represent the United States in the appeal of United States v. Flores-Cordero. The government's position in this case, obviously, is that the statute at hand here, Arizona Revised Statute 13-2508, subsection A1, is a crime of violence and that the district court judge did not err when he found that it was a crime of violence. There are a few cases that the government would ask the court to hone in on specific facts about those cases. Well, I'm concerned about Johnson. I mean, I really, to be honest, in some levels, I detest this whole analytical framework that we have to go through because it seems to come up with very non-common sense results. But nevertheless, every time the Supreme Court does something, they think they're clearing it up for us and it doesn't make it any better. But why doesn't Johnson overrule? I mean, I think the district court was faced with Ninth Circuit precedent, which pretty much cut this off at the categorical stage. But why doesn't Johnson overrule that? Well, the Johnson definition of force capable of causing physical pain or injury to another, the government's position is that does support. When you look at the facts, excuse me, when you look at that, you see in cases like Lee, for example, I think the points that have already been made about the facts, the specific facts in Lee show that I know the defendant cites it as support for herself. Quite frankly, the government believes the government's position is that that case supports the government's position, because that was kicking. That was jerking arms away. That was actually an image. Ginsburg. You know, you're talking about the conduct involved. Right. What bothers me is are we supposed to be looking, parsing the conduct that was involved in the particular case, or are we supposed to be looking at the standard that the Arizona courts are applying and interpreting their own statute? Because as I read Lee, they basically, the Arizona court of appeals rejected an argument that the statute does not cover minor scuffling. And if the statute does cover minor scuffling, according to the Arizona courts, then how can it be a crime of violence under our standard? Our standard. And that was an interesting thing about the opinion. When you read the opinion, the court leads off and describes it as minor scuffling and then later on describes the actual conduct. No, I know. That's what my question is. Are we supposed to look at the actual conduct that was involved in that case, or are we supposed to look at the standard that the court applied? Because if I were a trial court judge in Arizona with this case and I had a situation where there was an argument that this is just minor scuffling and isn't covered, I would feel that I had to reject that argument. Right. And I think that's a well-taken point. And given the fact that we're here talking about the categorical, whether it's a categorical crime of violence, getting down to the nitty-gritty of specific acts, certainly by the defendant. That would go to the modified categorical. Exactly. It would go to the modified. Right. So, I mean, you cite WOMAC, I think, but that case only held that force was required. It didn't say what level of force. Right. I mean, how do you get around State v. Lee, which says that the resisting arrest statute does not require a substantial risk of causing physical injury? And is there any Arizona case that says a conviction under subsection A-1 of the resisting arrest statute requires force that couldn't hurt another person? Well, if you look at some of the language in Lee, Lee actually make there is a statement, there's kind of a limiting statement in Lee that the court makes that we're not holding that any contact is going to support a conviction for resisting arrest. And it seemed as if the court of appeals in the Arizona court saw that perhaps if they didn't put that statement in there, that they could see the consequences of a holding where they characterized it as minor scuffling. The government's perspective is not minor scuffling. I just want to put that on the record. Right. But they limit it in that statement. I'm sorry. The case says that it doesn't include inconsequential or minor uses of force, which is almost the same language that Johnson used. The problem is, is that you can't tell if there's daylight between that and conduct and minor scuffling. I mean, minor scuffling seems to me to be a label that is very hard to understand what they mean. If you look at the cases, they're usually people struggling to the ground. One guy broke his finger. One guy had a dislocated shoulder. But they're all that minor scuffling language is in those cases. It's very difficult to figure out what the exact standard is and how what the Arizona courts actually require. Right. It's not very artfully put. I would certainly say that about the Lee decision. I would not characterize it as minor scuffling. Well, would you agree that Estrada-Rodriguez isn't really very reasoned? I would agree with that. I mean, Estrada-Rodriguez. I mean, it's pretty much like one line. It says it's categorical. It is. But the Flores-Lopez case is relatively recent. That was just from last year. And it directly addressed the Estrada-Rodriguez decision, even though it was addressing the question of the California, I believe it was California Penal Code 69. It was addressing that statute and used Arizona's resisting arrest statute as a foil, essentially, to say, look, California's statute is not a crime of violence, because if you compare it to the Arizona statute, which absolutely is a crime of violence, these are the problems with California's statute. And then it continues on to make that point. But in doing so, it kind of solidified the fact that the Arizona statute is, in fact, a crime of violence and applied the categorical test. Well, if we don't agree with you, hypothetically, which I don't know whether we will or we won't, but if we don't, what and the district court were allowed to apply the modified categorical approach, what does the evidence say or not say about the level of force Mr. Cordero used in resisting arrest? You mean which judicially noticeable documents? Well, just tell me what it says. Well, the judicial ‑‑ it's difficult to show because the documents that we have for Mr. Flores Cordero involve multiple cases. So there's a couple cases buried together, and having to parse out the specific facts about each one. Ms. Beards is correct that the ‑‑ most of the language that's characterized in the PSR is coming from police reports. My understanding, given our current fiscal situation, we were going to wait and see what happened here to determine whether or not we were going to need to get a transcript. But ‑‑ So you don't know what the transcript says? Right now, all we have is charging language that essentially is married up with the statute. So I would not say for the ‑‑ I can't say on the record that we've got a smoking gun that he did all the things that are described in the PSR, because they're just not judicially noticeable. Unless, I would limit that by saying, unless the transcript of his change of plea hearing says that they stipulated a factual basis. In that situation, we would have it. You don't know. And that often does happen in Maricopa County. So if ‑‑ since the district court cut it off at the categorical, obviously, if this court did not agree with you, you would want that opportunity to try to go with a modified categorical. Absolutely. I'd like to be able to prove that up. I believe I put that in a footnote at the very end of my brief. In reading the Arizona tea leaves here, does it make any difference that the cases so far as I can see, the later cases subsequent to our Rodriguez case in Arizona are court of appeals decisions and not from the court of last resort in Arizona? There's nothing that directly addressed Lee. I mean, there are always going to be cases that use it as support. There hasn't been any direct ‑‑ I mean, is that less authoritative for purposes of our analysis, that they're the intermediate court of appeals rather than the Arizona Supreme Court interpreting it? I would say to an extent, because you do have, just as in this Court, you do have different panels. I know that Womack and Lee were decided by different divisions of the Arizona court of appeals. And the Arizona Supreme Court hasn't directly addressed both Lee and Womack. So there hasn't been anything that the government has seen anyway that would show that the Arizona Supreme Court ‑‑ Well, I was thinking more in terms of our own jurisprudence as to the kind of development in the law that would cause an intervening change that would effectively overrule our ‑‑ Nothing that the government is aware of. Okay. And I don't have anything else for the Court unless you have specific questions. I'm at the end of my time anyway. No, we don't have any additional questions. Thank you for your argument. Thank you. Thank you, Your Honor. I would just point out that Flores Lopez, which has been mentioned by the government, did not, in fact, reinforce the notion that this is categorically a crime of violence under the first subsection of the Arizona statute, because, again, that was talking about the second subsection, whether there's a substantial risk. Additionally, I think that, again, the standard has to be the Johnson standard. Arizona defines physical force as force directed ‑‑ force upon or directed towards somebody else, and that's completely different from the standard enunciated in Johnson. And finally, as to whether there's anything new on the Arizona notion, I'm aware of any Supreme ‑‑ Arizona Supreme Court cases. I think that the case law is as it is. What Arizona did, though, was to add an additional subsection to the statute, which is not at issue in this case, which makes it clear that resisting arrest can also occur simply by sort of tensing your own body so that, you know, so that it even lowered, in other words, lowered the amount of force that is necessary to violate the statute. All right. We have no additional questions. Your time is basically up. So thank you for your argument. This matter will stand submitted.
judges: Vance, Schroeder, Callahan